IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DWAYN GRANT, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 04-20001-01-KHV |

### ORDER

This matter is before the Court on <u>Dwayn Grant's Motion To Withdraw His Guilty Plea With Suggestions In Support</u> (Doc. #84) filed May 13, 2005. After an evidentiary hearing on August 22, 2005, the Court sustains defendant's motion.

### Factual Background

On January 7, 2004, a grand jury returned an indictment which charged defendant with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). <u>See</u> <u>Indictment</u> (Doc. #1). On May 27, 2004, a jury returned a superseding indictment which charged defendant with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). <u>See</u> <u>Superseding Indictment</u> (Doc. #31). Defendant filed a motion to suppress, which the Court overruled on November 18, 2004. Defendant discussed with counsel the possibility of a conditional plea so that he could appeal this ruling. Counsel was unable to negotiate a conditional plea, however, and defendant pled guilty to the one-count superseding indictment without the benefit of a plea agreement. Defendant now seeks to withdraw his plea because he did not understand that without a conditional plea, he could not appeal the Court's ruling on his motion to suppress.

## **Analysis**

After the Court accepts a plea, but before it imposes sentence, a defendant may withdraw a plea of guilty if he shows a "fair and just reason for the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In analyzing whether defendant has shown a fair and just reason for withdrawal, the Court ordinarily considers the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004) (citations omitted).

The first factor does not strongly favor defendant.[1] The second, third and fourth factors favor defendant because the government has not shown that it would be prejudiced, defendant did not delay in filing his motion to withdraw and the Court would not be substantially inconvenienced if it allows defendant to withdraw his plea. The fifth factor slightly favors defendant: although defendant had able counsel, the change of plea hearing took place on the same day that trial was scheduled to begin and counsel had only a brief opportunity to discuss the plea with defendant before the hearing. The seventh factor slightly favors the government because any withdrawal of a plea wastes judicial resources. At the same time, the amount of waste is minimal.

---

[1] Defendant states that he has maintained his innocence to the charge of possession of cocaine with intent to distribute. See Dwayn Grant's Motion To Withdraw His Guilty Plea With Suggestions In Support (Doc. #84) at 5. At the plea hearing and in the plea petition, however, defendant repeatedly acknowledged that he possessed cocaine with intent to distribute. He only disputed the amount of cocaine which he possessed.

The sixth factor, whether the plea was knowing and voluntary, compels the Court to allow defendant to withdraw his plea. A plea may be involuntary when an attorney materially misinforms defendant of the legal consequences of the plea and defendant pleads guilty while under a mistaken belief as to the legal effect of his plea. See Fields v. Gibson, 277 F.3d 1203, 1213 (10th Cir. 2002); United States v. Cortez, 973 F.2d 764, 767-68 (9th Cir. 1992). Here, the primary issue is whether defendant knew that when he entered his guilty plea, he could not appeal the Court's order which overruled his motion to suppress. Based on the testimony of defendant and his former counsel, the Court finds that when defendant entered his plea, he did not understand that he was waiving his right to appeal that order. Defense counsel recognized that defendant wanted to reserve his right to appeal and defendant in fact had raised this issue with counsel on several occasions before the change of plea hearing. He also raised it shortly after his guilty plea. In addition, at the plea hearing, the Court advised defendant that because he was not pleading guilty under a plea agreement, there was no waiver of appeal. See Transcript Of Change Of Plea Hearing (Doc. #90) at 18 (Lungstrum, J., presiding). Despite defense counsel's explanations,[2] defendant apparently failed to grasp the fact that as part of his plea, he was giving up the right to challenge the Court's ruling on his motion to suppress. In these circumstances, defendant's misunderstanding of the legal consequences of his plea is a "fair and just reason" for the withdrawal of his plea under Rule 11(d)(2)(B), Fed. R. Crim. P.

---

[2] The Court has the highest regard for defense counsel and it appears that at the time of the plea, counsel reasonably believed that defendant understood that he had waived his right to appeal.

**IT IS THEREFORE ORDERED** that Dwayn Grant's Motion To Withdraw His Guilty Plea With Suggestions In Support (Doc. #84) filed May 13, 2005 be and hereby is **SUSTAINED**.

Dated this 27th day of September, 2005, at Kansas City, Kansas.

>  s/ Kathryn H. Vratil
>  KATHRYN H. VRATIL
>  United States District Judge