IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DWAYN GRANT, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 04-20001-01-KHV |

### MEMORANDUM AND ORDER

On December 16, 2005, a jury found defendant guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). This matter is before the Court on Dwayn Grant's Consolidated Motion For Post-Trial Relief With Suggestions In Support (Doc. #127) filed January 17, 2006. For reasons stated below, defendant's motion is overruled.

### Standards For Motions For Judgment Of Acquittal

In considering a motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., the Court cannot weigh the evidence or consider the credibility of witnesses. See Burks v. United States, 437 U.S. 1, 16 (1978). Rather, the Court must "view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." United States v. White, 673 F.2d 299, 301 (10th Cir. 1982). The jury may base its verdict on both direct and circumstantial evidence, together with all reasonable inferences that could be drawn therefrom, in the light most favorable to the government. See United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986). Acquittal is proper only if the evidence implicating defendant is nonexistent or is "so meager that no reasonable jury could find guilt beyond a

reasonable doubt." White, 673 F.2d at 301; see United States v. Brown, 995 F.2d 1493, 1502 (10th Cir.) (evidence supporting the conviction "must be substantial and must not raise a mere suspicion of guilt") (citation omitted), cert. denied, 510 U.S. 935 (1993), overruled on other grounds by United States v. Prentiss, 256 F.3d 971 (10th Cir. 2001).

### Standards For Motions For New Trial

Rule 33, Fed. R. Crim. P., provides that a motion for a new trial may be granted "if required in the interest of justice." A motion for new trial under Rule 33 is not regarded with favor and is granted only with great caution. See United States v. Custodio, 141 F.3d 965, 966 (10th Cir. 1998). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. See id.

### Factual Background

The evidence at trial may be summarized as follows:

On October 17, 2003, defendant picked up Melva Kennedy from her job in Kansas City, Kansas and drove her to her residence in Olathe, Kansas. On the way and/or for a short period after they parked outside her residence, Kennedy smoked crack cocaine in the car. Kennedy did not recall precisely how defendant gave her the crack, i.e. hand to hand, leaving it on the console for her to pick up or by some other means, but she testified that she received crack from defendant that evening and that she owed defendant for the crack. Kennedy testified that defendant did not use drugs that evening in her presence, that she had never seen him use drugs in the five years or so since she met him, and that she was not sure if defendant even used drugs.

While defendant and Kennedy were in the car parked outside her residence, Officer Bryan Hill of the Olathe, Kansas Police Department approached the vehicle and noticed a pipe on the floor near the

passenger seat. When Officer Hill later searched defendant, he discovered in defendant's pocket a plastic bag filled with 33 individually wrapped bags of a white substance which Officer Hill believed to be some type of cocaine. A DEA forensic chemist later determined that the combined mixture of the 33 bags weighed 10.3 grams and was 40 per cent cocaine base (crack) and 50 per cent cocaine hydrochloride (powder).[1] In defendant's wallet, Officer Hill found $802 in cash.[2] Officer Hill also discovered a memo book above the driver's visor in the car. Based on the tabulations in the memo book, Officer Hill thought that it was used in some type of drug transactions.

Detective Ed Drake of the Olathe Police Department testified that based on his experience and the items found in defendant's possession, the memo book found in defendant's car was used as a drug ledger and that defendant possessed the crack cocaine with intent to distribute it.

## **Analysis**

### **I.    Motion For Judgment Of Acquittal**

Defendant argues that the evidence was insufficient for a reasonable jury to find that he possessed crack cocaine with intent to distribute. Defendant maintains that the evidence did not demonstrate an "actual sale, transaction or transfer of crack cocaine." Defendant's Consolidated Motion (Doc. #127) at 4. The Court disagrees. Viewing the evidence in a light most favorable to the government, a reasonable jury could conclude that defendant possessed crack with the intent to distribute. Officers found 4.1 grams of crack cocaine (40 per cent of 10.3 grams) in a baggie in defendant's back pocket, $800 in cash and a

---

[1]    A prior chemist had emptied the contents of all of the bags and commingled the contents in order to determine a net weight. Accordingly, the DEA chemist could not determine how many of the 33 bags contained crack cocaine.

[2]    Defendant's mother testified that she had given defendant $600 to $650 to hold for her.

ledger which appeared to be used to track drug transactions. The cocaine was further separated into 33 individual baggies. Kennedy testified that she had never seen defendant use drugs and that she was not sure if he did so. Kennedy did not recall precisely how defendant gave her the crack, i.e. hand to hand, leaving it on the console for her to pick up or by some other means, but she testified that she received crack from defendant that evening and that she owed defendant for the crack. This evidence – when combined with the testimony of law enforcement officers – was more than sufficient for a reasonable jury to find beyond a reasonable doubt that defendant possessed crack cocaine with intent to distribute. The Court therefore overrules defendant's motion for judgment of acquittal.

## II.     **Motion For New Trial**

Defendant argues that he is entitled to a new trial because (1) the Court overruled his motion to exclude evidence that officers found powder cocaine in his pocket, along with the crack cocaine; and (2) the Court overruled his motion to suppress.

As to defendant's motion to exclude evidence of powder cocaine, defendant argues that allowing the government to discuss the powder cocaine found in defendant's possession confused the jury and caused a verdict possibly based on a controlled substance that was not charged. At trial, the Court noted that because of the substantial amount of cash found in defendant's possession, the fact that he possessed both crack and powder cocaine was relevant to his intent to distribute the crack cocaine. The Court concluded that the probative value of the evidence was not substantially outweighed by the other factors outlined in Rule 403, Fed. R. Civ. P. A district court is granted broad discretion in ruling on the relevancy of evidence. See United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir. 1988). A new trial is warranted only if defendant shows an abuse of that discretion. See id.; see also United States v. Davis,

40 F.3d 1069, 1073 (10th Cir. 1994), cert. denied, 514 U.S. 1088 (1995). For reasons stated in the trial record, the Court finds that evidence of the powder cocaine found in defendant's possession was admissible under Rule 403. Even if the Court erred by admitting such evidence, any such error was harmless and would not warrant a new trial. The Court instructed the jury as follows:

> In determining whether defendant is guilty or not guilty, you are to consider only whether he has or has not committed the acts charged in the indictment. Defendant is not on trial for any act or conduct not specifically charged in the indictment. Even if you are of the opinion that defendant is guilty of some offense not charged in the indictment, you must find defendant not guilty if the evidence does not show beyond a reasonable doubt that he has committed the specific acts charged in the indictment.

Instructions To The Jury (Doc. #123), No. 9. In light of this instruction and the substantial evidence which supported the jury's verdict, the Court finds that evidence that defendant possessed powder cocaine did not have a substantial influence on the verdict in context of the entire case. See United States v. Anaya, 117 F.3d 447, 448 (10th Cir. 1997) (error in admission or exclusion of evidence is harmless if it does not affect substantial rights of the parties) (citation omitted); see also United States v. Arutunoff, 1 F.3d 1112, 1118 (10th Cir. 1993) (nonconstitutional error is harmless unless it had substantial influence on jury's verdict in context of entire case, or leaves one in grave doubt whether it had such effect), cert. denied, 510 U.S. 1017 (1993).

As to the motion to suppress, the Honorable Carlos Murguia overruled defendant's motion by minute order. See Clerk's Courtroom Minute Sheet (Doc. #53) filed November 19, 2004. Defendant did not ask the Court to reconsider this ruling at trial and he has not explained why Judge Murguia's ruling was incorrect. Absent specific argument on this issue, the Court must overrule defendant's motion for new trial on this ground.

**IT IS THEREFORE ORDERED** that <u>Dwayn Grant's Consolidated Motion For Post-Trial Relief With Suggestions In Support</u> (Doc. #127) filed January 17, 2006 be and hereby is **OVERRULED**.

Dated this 22nd day of February, 2006, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge